IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

ROBERT L. SMITH                                                                              PLAINTIFF

V.                                          NO: 4:15CV00155 JLH/JWC

DOES *et al.*                                                                              DEFENDANTS

## ORDER

Plaintiff Robert L. Smith filed this *pro se*[1] complaint, pursuant to 42 U.S.C. § 1983, on March 16, 2015.  Plaintiff did not submit the $400.00 filing and administrative fees, or file an application for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), although he has submitted some financial information.

Under the Prison Litigation Reform Act of 1995, a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00.[2]  28 U.S.C. §1915(b)(1).  The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

[2] Effective May 1, 2013, a $50.00 administrative fee in addition to the $350.00 filing fee has been imposed for parties who are not granted leave to proceed *in forma pauperis*.

be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).

**If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the filing and any applicable administrative fees will be collected and no portion of the fees will be refunded to the prisoner.**

So that the Court can determine how the fees will be paid, Plaintiff is required to submit, no later than thirty (30) days after this order's entry date, either the full $400.00 filing and administrative fees, or a fully completed and signed application for leave to proceed *in forma pauperis*, including a trust fund calculation sheet and certificate signed by an authorized official. If Plaintiff is granted *in forma pauperis* status, the Court will assess an initial partial filing fee if sufficient funds exist, and will also direct the future collection of monthly installment payments from Plaintiff's account until the $350.00 filing fee is paid in full.  *Id*. 1915(b)(1) and (2).  However, no prisoner will be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." *Id*. 1915(b)(4).

IT IS THEREFORE ORDERED THAT:

1.      The Clerk is directed to forward an *in forma pauperis* application, calculation sheet, and certificate, to Plaintiff.

2.      No later than thirty (30) days after the entry date of this order, Plaintiff must submit the full $400.00 filing and administrative fees, or file a fully completed and signed *in forma pauperis* application, along with the trust fund calculation sheet and certificate, signed by an authorized

official.  Plaintiff's failure to do so will result in the recommended dismissal of his complaint.

     3.     Service is not appropriate at this time.

DATED this 19th day of March, 2015.

                                                                                   UNITED STATES MAGISTRATE JUDGE